O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE: ) | CASE NO.: CV 08-4820 ABC |
| ) | |
| ANDREW STAFFER, ) | |
| ) | |
| Debtor. ) | Bankr. No. LA 93-43127 TD |
| _____ ) | Adversary No. LA 03-01042 TD |
| ) | |
| ANDREW STAFFER, ) | |
| ) | |
| Appellant ) | ORDER AFFIRMING BANKRUPTCY |
| ) | COURT'S JUDGMENT |
| vs. ) | |
| ) | |
| ROBERT PREDOVICH, ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

    Pending before this Court is an appeal from an order granting summary judgment and entering a money judgment in an adversary proceeding in the Bankruptcy Court for the Central District of California.  Upon consideration of the submissions of the parties and the case file, the Court hereby **AFFIRMS**.

//

//

**I.  BACKGROUND**

The litigation between Appellee Robert Predovich ("Predovich") and Appellant Andrew Staffer ("Staffer") has a history spanning nearly twenty years.  The Court detailed many of the relevant facts the last time the case was before it and summarizes them again here.  See Excerpts of Record (Docket ## 19-20) ("ER") at 494-496.  In September of 1991, Predovich commenced an action against Staffer in Canada, seeking damages for fraud ("Canadian Action").  In 1993, while the Canadian Action was ongoing, Staffer filed a Chapter 7 bankruptcy petition.  Predovich was not scheduled as a creditor in Staffer's bankruptcy case, which was closed on June 2, 1994.

Subsequently, on June 13, 1997, Predovich was awarded a judgment against Staffer in the Canadian Action ("Canadian Judgment").  Predovich then commenced an action in Ventura County Superior Court, seeking to enforce the Canadian Judgment.  On May 10, 2000, the Superior Court stayed the enforcement action, in order to allow the parties to seek the opinion of the Bankruptcy Court as to the enforceability of the Canadian Judgment.[1]  Accordingly, Predovich then filed a motion in the Bankruptcy Court to reopen Staffer's bankruptcy case, which would enable Predovich to file a complaint for a determination by the Bankruptcy Court that the debt owed by Staffer was nondischargeable.  Predovich's motion was denied by the Bankruptcy Court, but the denial was overturned on appeal.  In re Staffer, 262 B.R. 80 (9th Cir. BAP 2001); In re Staffer, 306 F.3d 967 (9th Cir. 2002).

Predovich thereafter commenced the adversary proceeding by filing

---

[1] The parties ultimately stipulated to dismissing the State court action.

his complaint in Bankruptcy Court on January 15, 2003. The complaint sought a determination that the debt, in the amount of the Canadian Judgment plus interest, is nondischargeable. On April 19, 2005, Predovich filed a Motion for Summary Judgment, requesting that the Bankruptcy Court: 1) deem Staffer's debt from the Canadian Judgment nondischargeable; and 2) enter a judgment against Staffer for the amount of the Canadian Judgment, plus interest. Staffer failed to file a written opposition to the motion and the Bankruptcy Court denied his attorney the opportunity to oppose it at oral argument. The Bankruptcy Court subsequently entered an order granting summary judgment that the debt was nondischargeable, as well as entering a separate money judgment against Staffer in the amount of the Canadian Judgment, plus interest.

Staffer appealed those orders. On January 13, 2006, this Court affirmed the Bankruptcy Court's entry of summary judgment that the debt is nondischargeable, but reversed the entry of the money judgment. ER at 499, 501.[2] Staffer then appealed to the Ninth Circuit, which affirmed the holding that the debt is nondischargeable. See ER at 504-505.

During the pendency of the Ninth Circuit's last review, Predovich sought leave from the Bankruptcy Court to file an amended complaint that included causes of action seeking entry of a money judgment and recognition of a foreign judgment. See ER at 1-20. On May 30, 2007, the Bankruptcy Court granted that motion. ER at 21-22. On April 2, 2008, Predovich filed a motion for summary judgment seeking the entry of a money judgment based on the Canadian Judgment. ER at 25-87.

---

[2] The Court reversed and remanded the entry of the money judgment because the complaint had not sought such relief. ER at 500.

Staffer timely opposed the motion. ER at 176-199. The opposition raised three primary contentions as to why the Bankruptcy Court should not grant summary judgment and enter the money judgment: (1) the Canadian Judgment conflicts with the Bankruptcy Court's discharge injunction; (2) the Canadian Judgment violated the automatic stay that began when Staffer filed for bankruptcy; and (3) the Canadian Court lacked jurisdiction. ER at 177. Staffer contended that these defects rendered the Canadian Judgment void and/or that it otherwise should not be recognized. See id. As a result, Staffer argued that Predovich had not established that Staffer owed Predovich a debt. See ER at 195 (arguing that, because the Canadian Judgment "cannot serve as a basis for determining that Staffer owes Predovich, . . . Predovich must 'prove up' his damages" and he failed to introduce any evidence of such a debt independent of the Canadian Judgment).

The Bankruptcy Court granted Predovich's motion. ER at 472-473. The Bankruptcy Court's ruling was based on its conclusion that the relevant issues "have largely been resolved by previous rulings and are either law of the case insofar as they represent appellate rulings . . . from appeals from orders of this Court, or they represent matters subject to the preclusion rules as presented in the Canadian court and reflected in the records of the Canadian court." ER at 446. The Bankruptcy Court further noted that it believed the only remaining issue to be litigated on remand was the amount to be entered as a money judgment. See ER at 446-447. The Court believed that amount had been established by Predovich based on the prior record of the litigation and by the amended complaint that had been filed following

this Court's prior remand of the case. See ER at 447.[3]

Staffer then filed the instant appeal.[4]

## II. DISCUSSION

**A. STANDARD OF REVIEW**

Federal district courts have jurisdiction to hear appeals from "final judgments, orders, and decrees" of bankruptcy judges. 28 U.S.C. § 158(a). The Court reviews the bankruptcy court's legal conclusions de novo and its factual determinations for clear error. See In re Smith's Home Furnishings, Inc., 265 F.3d 959, 963 (9th Cir. 2001). This Court reviews a grant of summary judgment de novo and may affirm based on any ground supported by the record. In re Bullion Reserve of N. Am., 922 F.2d 544, 546 (9th Cir. 1991); In re Crystal Props., Ltd., 268 F.3d 743, 755 (9th Cir. 2001). The reviewing court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether genuine issues of material fact exist and whether the lower court correctly applied the relevant substantive law. Bullion Reserve, 922 F.2d at 546.

The Court reviews evidentiary rulings by the Bankruptcy Court for an abuse of discretion. In re Slatkin, 525 F.3d 805, 811 (9th Cir. 2008). To reverse on the basis of erroneous evidentiary rulings, the Court must conclude not only that the Bankruptcy Court abused its discretion, but also that the error was prejudicial. Id.

//

---

[3] The Bankruptcy Court also sustained Predovich's evidentiary objections as to the entirety of the two declarations filed by Staffer in opposing the motion. Id. at 445-46.

[4] Although Staffer was initially represented by counsel in this appeal, the Court subsequently granted his request to proceed pro se. (See Docket # 16).

**B. ANALYSIS**

Staffer primarily argues on appeal that the Bankruptcy Court erred by granting summary judgment and entering a money judgment because Predovich had not established that Staffer owes him a debt. As a basis for his argument, Staffer argues that the Canadian Judgment cannot be recognized by the Bankruptcy Court because (1) the Canadian Court lacked personal jurisdiction over him; (2) the Canadian Court lacked subject matter jurisdiction; (3) the Canadian Court was a seriously inconvenient location for the litigation; (4) the Canadian Court did not afford him due process; (5) the Canadian Judgment was the result of extrinsic fraud; (6) Predovich obtained the Canadian Judgment in violation of the Bankruptcy Court's discharge order; and (7) Predovich obtained the Canadian Judgment in violation of the Bankruptcy code's automatic stay provisions.[5] According to Staffer's theory, since the Bankruptcy Court could not recognize the Canadian Judgment, Predovich failed to establish that Staffer owed him a debt. The Court finds that Staffer's myriad attacks on the Canadian Judgment fail because this Court and the Ninth Circuit have already ruled that Staffer owes a debt to Predovich based on the Canadian Judgment.

A court is generally precluded by the law of the case doctrine from reconsidering an issue that has already been decided by the same court or a higher court in the identical case. United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997); see also Magnesystems,

---

[5] Staffer also argued that the Bankruptcy Court committed reversible error in (1) not providing him sufficient time to review the proposed summary judgment order and proposed judgment, (2) entering judgment in Predovich's name, rather than in the name of Soundmaster International, and (3) granting Predovich's evidentiary objections. The Court finds that these arguments are without merit.

1  Inc. v. Nikken, Inc., 933 F. Supp. 944, 948-50 (C.D. Cal. 1996)
2  (discussing law of the case doctrine and mandate rule).  For the
3  doctrine to apply, the issue in question must have been "'decided
4  either expressly or by necessary implication in [the] previous
5  disposition.'"  Milgard Tempering, Inc. v. Selas Corp. of Am., 902
6  F.2d 703, 715 (9th Cir. 1990) (quoting Liberty Mut. Ins. Co. v.
7  E.E.O.C., 691 F.2d 438, 441 (9th Cir. 1982)).

     To determine the applicability of the law of the case doctrine, the Court must analyze which issues were actually decided in the prior orders of this Court and the Ninth Circuit.  As noted above, the second round of appeals included a determination that Staffer's debt to Predovich is nondischargeable.  See ER at 499 (this Court affirming the Bankruptcy Court's finding "as to the nondischargeability of Appellant's debt to Appellee"); ER at 505 (the Ninth Circuit holding that "Predovich's claims against Staffer were non-dischargeable").  A nondischargeability determination encompasses two distinct issues: "first, the establishment of the debt itself . . . and, second, a determination as to the nature of that debt."  In re Banks, 263 F.3d 862, 868 (9th Cir. 2001).  Thus, a holding of nondischargeability includes a threshold determination that the debtor actually owes a debt to the creditor.  See, e.g., In re Armstrong, No. 05-06021-TLM, 2006 WL 2850527, at *10 & n.54 (Bankr. D. Id. Oct. 3, 2006) ("If there is no debt owed, there is no point in evaluating the elements of nondischargeability."); In re Purviance, No. 04-6153-TLM, 2005 WL 2178802, at *3-9 (Bankr. D. Id. June 9, 2005) ("[B]efore the Court can consider whether a debt should be excepted from discharge under one of the subsections of § 523(a), the creditor must prove that the debtor is indebted to it.")

1 The Court finds that the prior findings of nondischargeability
2 included holdings that the Canadian Judgment established a debt owed
3 from Staffer to Predovich.  To wit, this Court explicitly recognized
4 the Canadian Judgment as the basis for the debt it found to be
5 nondischargeable.  <u>See</u> ER at 495.  That conclusion could only be
6 reached upon a holding that the Canadian Judgment is valid and should
7 be recognized.[6]  Thus, while the prior orders do not explicitly make
8 such a finding, the issue was decided by the courts in the prior phase
9 of this litigation.[7]

---

[6] That the issue was previously before the courts and implicitly decided is also supported by the fact that Predovich had briefed the issue in his moving papers.  <u>See</u> <u>In re Staffer</u>, CV 05-05005 ABC (C.D. Cal.) (Docket ## 22-23), Predovich's ER at 53-56 (sections entitled "The Bankruptcy Court Must Accord Full Effect to The Canadian Judgment" and "The Doctrine of Issue Preclusion Bars Staffer From Re-litigating The Issues Presented in The Canadian Proceeding"); <u>id</u>. at 265 (proposed conclusions of law).

[7] This conclusion is not altered by the fact that this Court previously reversed and remanded the Bankruptcy Court's entry of a money judgment against Staffer.  That finding rested on the procedural ground that Predovich's pleadings did not include a request for entry of a money judgment.  Regardless of whether a money judgment is entered, however, a determination of nondischargeability requires the establishment of the debt.
    The Court also noted that the Bankruptcy Court could address certain "prudential concerns, such as comity" prior to entering a money judgment on remand. ER 501 at n.5.  The "comity" at issue did not relate to the ability of the Bankruptcy Court to recognize the Canadian Judgment as the basis of the debt; rather, it related to Staffer's assertion that a money judgment should not be entered because Predovich "side-step[ped] the <u>state court</u> process he had initiated [with his action in Ventura County Superior Court] and effectively rendered the state court proceeding totally moot."  <u>See</u> <u>In re Staffer</u>, CV 05-05005 ABC (C.D. Cal.) (Docket # 20), Staffer's Opening Brief at 13 (emphasis added).  Thus, at issue was whether the Bankruptcy Court's entry of a money judgment would create confusion in light of the state court action.  <u>See</u> <u>In re Sasson</u>, 424 F.3d 864, 874 (9th Cir. 2005).  Hence, consideration of such "comity" concerns did not create an opportunity on remand for Staffer to assert that the Canadian Judgment did not create a debt that he owed to Predovich.

1    Accordingly, Appellant's attacks on the validity and
2 enforceability of the Canadian Judgment are barred by the law of the
3 case.  The Bankruptcy Court did not err in granting summary judgment
4 and entering a money judgment in favor of Predovich.

### III.  CONCLUSION

6    For the foregoing reasons, the Court **AFFIRMS** the Bankruptcy
7 Court's decision granting summary judgment to Predovich and entering a
8 money judgment.

10 **DATED:    May 20, 2009**

*Audrey B. Collins*
_____
**AUDREY B. COLLINS
UNITED STATES CHIEF DISTRICT JUDGE**